## CHARLES H. STILT, *et al.*

### *v.*

## THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

1. STATUTE OF LIMITATIONS—*act of 1847 still in force.* The statute of limitations act of 1847 is still in force.

2. SAME—*Unliquidated claims must be filed within two years after cause of action accrues.* Unliquidated claims must be filed within two years after the' cause of action accrues or they are barred by the statute of limitations.

The petition filed in this cause charges that the petitioners are the owners in fee of the southwest quarter of section one in township seven, north range seven, east of the 4th P. M., containing 153 acres. That prior to the construction of the Copperas Creek lock and dam said lands were only subject to occasional overflows from the waters of the Illinois river and then only for such short times and at times of extreme high water and early in the spring of the year. That prior to the erection of said lock and dam the overflow did not interfere with the cultivation of said lands.

The petitioners charge that since the erection of said lock and dam that the flow of the water in said Illinois river is so retarded from its natural and former course that said river overflows its banks and by such overflow caused by the erection of said dam the petitioners' lands are so overflowed as to render the greater part thereof unfit for use. That since the erection of said dam the water remains so near the surface of said lands as to render said tract worthless for crops and so as to destroy all crops on said lands. The damage claimed in this case is $800.00.

The Attorney General on behalf of the State files a plea interposing the statute of limitations as a defense to this claim.

The statute of 1889, page 90, provides that the Commission of Claims shall have power to hear and deter-

mine "all claims against the State for the taking or damaging of private property by the State for public purposes in the construction or for the use of any State institution, river, canal, or other public improvement, which have not been already barred by any statute or law of limitation."

An act to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, is still in force. This act provides that all unliquidated claims against the State shall be proved up and filed with the Auditor of Public Accounts within two years from the time such claim may have arisen; and any claim not presented and proved up as above and filed shall be forever barred from payment by the State.

The petition was filed in this case on the first day of May, A. D. 1880. Claimants' demand is for damages occasioned by the erection of the Copperas Creek dam. The Copperas Creek dam was completed and closed on the 21st day of October, A. D. 1877, more than two years before the petition was filed in this cause. The petitioners claim is therefore barred by the statute of limitation, and for that reason is rejected.

For further particulars reference is had to the opinion filed in the case of Wm. R. Fairbanks for the use of the First National Bank of Lacon. (*See page 1 ante.*)